# NICHOLAS v. STATE.

No. A-11343. June 27, 1951.

Rehearing Denied July 18, 1951.

(237 P. 2d 176.)

Thad L. Klutts, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty., Gen., for defendant in error.

JONES, J. This is an appeal from a conviction sustained by the defendant, Wiley Landis Nicholas, in the court of common pleas of Oklahoma county for the crime of driving an automobile on a public highway while under the influence of intoxicating liquor, wherein the defendant was sentenced to pay a fine of $500 and costs.

Two propositions are presented by the appeal. (1) The evidence was insufficient to support the conviction. (2) The judgment and sentence was excessive.

Mr. and Mrs. Dale Hamilton of Edmond testified that on February 8, 1947, they were driving on Highway 66 west of Arcadia on their way to Chandler; that they came upon a car being driven by the defendant and this car was being driven from one side of the road to the other; that they followed him for quite some distance before they were finally able to speed up and go around him; that after they had passed the automobile defendant was driving the defendant speeded up and came alongside of the Hamilton car; that Hamilton speeded up to about 60 miles an hour but was unable to get away from the defendant. Hamilton turned off the highway at Arcadia and stopped at a filling station and called the highway patrol. The defendant turned around in the road and came back to the filling station and commenced to talk loud and boisterous and cursed a Negro boy who was there working at the station, whereupon the Negro knocked him down but did not badly hurt him. Mrs. Hamilton ran across the road and took the keys out of defendant's automobile and gave them to the proprietor of the service station. Two highway patrolmen arrived in a few minutes and made the arrest.

Each of the Hamiltons and both of the highway patrolmen testified that the defendant was very much intoxicated.

The defendant testified in his own behalf that he was a mechanic; that about 5 o'clock when he got off work he and some men with whom he was working ate at a cafe in Edmond, during which each of them took a drink of whisky from a pint bottle about half filled; that as he was proceeding on the

road toward Arcadia a truck driven by a Negro crowded him off the road into a ditch, which made his steering wheel unstable so that thereafter he could not drive in a straight line; that the Negro who struck him at the filling station in Arcadia was the same one who crowded him off the road; that he was not intoxicated and that he had never been arrested before in his life. On cross-examination, however, he admitted that he had paid fines on two different occasions within the past year for reckless driving.

This evidence raised an issue for determination of the jury. Under the rule of this court consistently adhered to, the verdict of the jury under proper instructions on such a conflict of evidence will be sustained on appeal. Vaughn v. State, 94 Okla. Cr. 60, 230 P. 2d 491.

In view of the fact that the defendant within a year prior to his conviction on the instant charge had been twice convicted of reckless driving, we are of the opinion that the $500 fine assessed the defendant was not excessive. The judgment and sentence of the court of common pleas of Oklahoma county is affirmed.

BRETT, P. J., and POWELL, J., concur.